UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

| | |
|---|---|
| WEST VIRGINIA INVESTMENT MANAGEMENT BOARD,<br><br>                             Plaintiff,<br>v.<br><br>RESIDENTIAL ACCREDIT LOANS, INC,; RESIDENTIAL FUNDING COMPANY, LLC; DEUTSCHE BANK SECURITIES INC.; and CREDIT SUISSE SECURITIES (USA) LLC,<br><br>                            Defendants. | 2:10-0461<br>Case No. _____ |

## NOTICE OF REMOVAL

Defendants Residential Funding Company, LLC ("RFC"), Residential Accredit Loans, Inc. ("RALI"),[1] Credit Suisse Securities (USA) LLC ("CSS"), and Deutsche Bank Securities, Inc. ("DBS") (collectively, the "Removing Defendants") hereby jointly notify this Court that they are removing the above-captioned civil action, currently pending in the Circuit Court of Kanawha County, to the United States District Court for the Southern District of West Virginia, Charleston Division. The Removing Defendants invoke diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as their basis for removal.

### PLEADINGS AND PROCEEDINGS

1.    On March 4, 2010, the West Virginia Investment Management Board ("WVIMB") filed a complaint against RALI, RFC, CSS, and DBS. The state court case

---

[1] RALI was improperly named in Plaintiff's state court Complaint as "Residential Accredited Loans Inc."

is styled *West Virginia Investment Management Board v. Residential Accredited Loans, Inc, et al.*, Civil Action No 10-C-412 ("State Court Action").

2. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" served in the State Court Action are attached hereto as Exhibit A. Additionally, in compliance with Local Rule 3.4, a civil docket cover sheet, in the form supplied by the clerk and a copy of the docket sheet from the circuit court from which the case is being removed are attached as Exhibit B.

3. According to the West Virginia Secretary of State, all Defendants were served via the Secretary of State, acting as their statutory agent, on March 8, 2010. This Notice of Removal is filed within thirty days of the simultaneous service of the Summons and Complaint as required by 28 U.S.C. § 1446(b).

## NATURE OF ACTION

4. The suit arises out of the West Virginia Investment Management Board's alleged purchases of Mortgage Backed Securities ("the Securities") in August 2007. The Complaint alleges that the Securities were purchased from DBS and CSS based on representations made in offering materials from December 2005. *See* Compl. ¶ 14. WVIMB alleges that RALI purchased the Securities from RFC and then publicly offered them for sale. *See id.* ¶ 15. Upon information and belief, WVIMB's purchases were made by and through one of its asset managers for fixed income investments.

5. The Complaint purports to state three separate causes of action: violation of the West Virginia Uniform Securities Act, W. Va. Code § 32-4-410(a)(2) (against DBS and CSS), negligent misrepresentation (against all Defendants), and common law fraud (against RALI and RFC).

6. Plaintiff seeks to recover (i) the consideration it paid for the Securities, statutory interest, reasonable expenses and costs, and attorneys' fees for its West Virginia Securities Act claim against CSS and DBS and (ii) unspecified damages, including pre- and post-judgment interest, punitive damages, reasonable expenses and costs, attorneys' fees and equitable/injunctive relief in respect of its state common law claims.

## VENUE

7. The Southern District of West Virginia, Charleston Division, embraces Kanawha County, the place where the State Court Action is pending. Consequently, for purposes of this Notice of Removal, venue is proper in this district and division under 28 U.S.C. § 1441(a).

## JURISDICTION

8. United States district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

9. This case is removable under 28 U.S.C. § 1332(a)(1) because it is between citizens of different states and because the amount in controversy exceeds $75,000.

10. RALI is a Delaware corporation with its principal place of business in Minnesota. *See id.* ¶ 6.

11. RFC is a Delaware corporation with its principal place of business in Minnesota. *See id.*

12. DBS is a Delaware corporation with its principal place of business in New York. *See id.* ¶ 18.

13. CSS is a Delaware limited liability company with its principal place of business in New York. *See id.* ¶ 19.

14. All Defendants to this action consent to removal.

15. The WVIMB is an "independent public body corporate" that was created by the West Virginia legislature in 1997. *See* W. Va. Code § 12-6-1 *et seq.*

16. To determine whether a state entity or political subdivision is not an arm of the state and therefore a citizen under 28 U.S.C. § 1332, a court must look "to the standards announced in cases addressing whether governmental entities are entitled to *Eleventh Amendment* immunity as an arm of the state." *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

17. In that context, the Fourth Circuit applies the four-factor test set forth in *Roche v. Lincoln Prop. Co.*, 175 Fed. Appx. 597, 601 (4th Cir. 2006). Under similar factual circumstances, the *Roche* court held that the State of Wisconsin Investment Board was a citizen of Wisconsin, in part because the Board was an "independent agency of the state" whose purpose was to manage money and property for the state, its agencies and trust funds, in addition to local government entities and state and local employees.

18. The *Roche* court also found that the State of Wisconsin Investment Board was a citizen of Wisconsin because it had the power to (1) sue and be sued in its own name; (2) manage its assets; (3) pay its liabilities; (4) promulgate rules and regulations; and (5) formulate its investment policies. *Id.*

19. Like the State of Wisconsin Investment Board, the WVIMB has the power to (1) sue and be sued in its own name (*see* W. Va. Code § 12-6-5(2)); (2) manage its assets (*see* W. Va. Code § 12-6-5); (3) pay its liabilities (*see* W. Va. Code § 12-6-5); (4)

promulgate rules and regulations (*see* W. Va. Code § 12-6-5(5)); and (5) formulate its investment policies (*see* W. Va. Code § 12-6-5).

20. Under the law of this Circuit, the WVIMB is a citizen of West Virginia for diversity purposes. *But see West Virginia v. Morgan Stanley & Co.*, 747 F. Supp. 332 (S.D.W.Va. 1990) (a factually distinguishable case decided prior to *Roche* and prior to the establishment of the current WVIMB in 1997).

21. According to the Complaint, the WVIMB purchased $ 16.6 million "RALI Mortgage Asset-Backed Pass Through Certificates, Series 2005-QA13, Class II-A-1" from DBS and CSS in August 2007, based on representations made in offering materials from December 2005, (*see* Compl. ¶ 14), and, among other things, seeks return of the entirety of the consideration paid for these Securities. Accordingly, based on the allegations in the Complaint, Plaintiff seeks damages in excess of $75,000.

22. Accordingly, complete diversity exists and removal is permitted pursuant to 28 U.S.C. § 1332(a)(1).

**JURY DEMAND**

23. Plaintiff demanded a trial by jury. *See* Compl. ¶ 57.

**CONCLUSION**

WHEREFORE, the Removing Defendants respectfully request that the above action now pending in the Circuit Court for Kanawha County be removed to the United States District Court for the Southern District of West Virginia, Charleston Division, and that said district court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

| | |
|---|---|
| **RESIDENTIAL ACCREDIT LOANS, INC., and RESIDENTIAL FUNDING COMPANY, LLC** | **DEUTSCHE BANK SECURITIES, INC. and CREDIT SUISSE SECURITIES (USA) LLC** |
| By: /s/ J. Brian Jackson<br>J. Brian Jackson<br>West Virginia State Bar No. 9028<br>Jacob S. Woody<br>West Virginia State Bar No. 11004<br>MCGUIREWOODS LLP<br>310 Fourth Street, N.E.<br>Post Office Box 1288<br>Charlottesville, Virginia 22903<br>Telephone (434) 977-2562<br>Facsimile (434) 980-2278<br>jwoody@mcguirewoods.com<br>bjackson@mcguirewoods.com<br><br>*Counsel for Defendants Residential Accredit Loans, Inc. and Residential Funding Company, LLC* | By: /s/ Thomas V. Flaherty<br>Thomas V. Flaherty, Esquire<br>West Virginia State Bar No. 1213<br>FLAHERTY SENSABAUGH & BONASSO, PLLC<br>200 Capitol Street<br>Charleston, WV 25301<br>Telephone: (304) 347-4232<br>Facsimile: (304) 345-0260<br>tflaherty@fsblaw.com<br><br>*Counsel for Defendants Deutsche Bank Securities Inc. and Credit Suisse Securities (USA) LLC* |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Removal was served upon the following counsel of record via Facsimile and First Class Mail, postage prepaid:

>Joshua I. Barrett, Esquire
>J. Timothy DiPiero, Esquire
>Rudolph L. DiTrapano, Esquire
>DITRAPANO BARRETT & DIPIERO, PLLC
>604 Virginia Street, East
>Charleston, West Virginia 25301
>*Facsimile: (304) 342-4605*
>
>Jacqueline Sailer, Esquire
>Gregory B. Linkh
>MURRY, FRANK & SAILER LLP
>275 Madison Avenue, 8th Floor
>New York, New York 10016
>*Facsimile: (212) 682-1892*
>
>Mark W. Carbone, Esquire
>CARBONE & BLAYDES, PLLC
>2442 Kanawha Blvd., East
>Charleston, West Virginia 25314
>*Facsimile: (304) 342-3651*
>
>Thomas V. Flaherty, Esquire
>FLAHERTY SENSABAUGH & BONASSO, PLLC
>200 Capitol Street
>Charleston, WV 25301
>*Facsimile: (304) 345-0260*

/s/ J. Brian Jackson

\11032546.3